21350

Kenneth TRIBBLE, Respondent, v. STATE of South Carolina, Appellant.

(272 S. E. (2d) 802)

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. William K. Moore* and *Staff Atty. Corinne G. Russell,* Columbia, *for appellant.*

*Chief Counsel John L. Sweeny,* of *S. C. Commission of Appellate Defense,* Columbia, *for respondent.*

December 9, 1980.

LITTLEJOHN, Justice:

The State appeals from a post-conviction relief hearing in which the guilty plea and sentence of defendant Kenneth Tribble was vacated for lack of subject matter jurisdiction by the trial court.

Tribble was indicted by the Pickens County Grand Jury for criminal sexual conduct in the first degree. On both sides of the indictment form, the circuit court heading had been stricken and replaced with the county court designation. The grand jury acted for both courts simultaneously. The case was indexed and carried in the county court docket book. Tribble pled guilty before Judge John T. Gentry during the July, 1978, term which was scheduled for matters from both the county and circuit courts. Judge Gentry was authorized to preside during such term as judge for both courts. The transcript of record for the plea of Tribble contained the circuit court heading.

It is undisputed that in Pickens County only the circuit court, not the county court, had jurisdiction over the offense of criminal sexual conduct in the first degree. The only issue before us is whether Judge Fanning correctly found that this case had been improperly presented to and heard by the trial court as a county court matter, thereby causing the plea and sentence to be void for lack of jurisdiction.

While some confusion exists as to whether the plea and sentence of Tribble was handled as a circuit court or a county court matter, we are persuaded that the case was properly presented to and heard by Judge Gentry acting as circuit court judge. The solicitor then responsible for prosecution of criminal cases in Pickens County testified as follows concerning the standard method of treating these cases:

"Most matters were disposed of as [circuit court] matters. [For] [s]ome cases involving driving offenses and matters where fines were going to be imposed by request of the Clerk of Court and [for] others there for monetary reasons[,] the [county] indictments were drawn. In this case, and I have no knowledge that it even happened until the Attorney General's office called me and reported it to me. It was a typographical error . . . I guess it was an error but certainly it was affixed there by the secretary preparing the indictment. It was submitted to the Grand Jury of Pickens County along with all other [circuit court] cases. It was indicted by the Pickens County Grand Jury and it was presented to a circuit judge sitting during a term of [circuit court]. And I was the Solicitor for all of the criminal court there for in effect there was no [county court] exclusively. It always convened at the same time that the [circuit court] convened and the same judge presided in all of those terms of Court during the last two or two and a half years."

There was no testimony or evidence that the parties to this case understood the trial judge to be sitting for that particular case in any other capacity than as circuit court judge. We think Judge Gentry had subject matter jurisdiction over this offense.

We reverse and remand for reinstatement of the plea and sentence.

Reversed and remanded.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.